United States District Court
Southern District of Texas
**ENTERED**
December 21, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NUMBER H-21-220 |
| | § | |
| NERY MATIAS VASQUEZ-VASQUEZ, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Nery Matias Vasquez-Vasquez ("Defendant") is charged with one count of illegal reentry following deportation, in violation of 8 U.S.C. § 1326(b).[1] Pending before the court is Defendant's Motion to Suppress Evidence ("Defendant's MTS") (Docket Entry No. 36). Defendant argues that an immigration official interrogated him in custody without stating his <u>Miranda</u> rights and that his answers and immigration file should be suppressed.

Defendant was arrested on September 8, 2018, for driving under the influence with a minor under fifteen.[2] On the same day he was interviewed at the Harris County Jail by an immigration officer and

---

[1]Indictment, Docket Entry No. 1, pp. 1-2. For purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

[2]Record of Deportable/Inadmissible Alien (Form I-213), Exhibit 1 to Defendant's MTS, Docket Entry No. 36-2, p. 3.

was released into ICE custody.³ On November 8, 2018, Defendant was deported. Without giving a <u>Miranda</u> warning, the immigration officer asked Defendant during the September 8, 2018, interview whether he was a U.S. citizen, lawful permanent resident, or military member or veteran, and Defendant responded that he was not.⁴ Defendant "admitted to being a native, and citizen of Guatemala."⁵ Defendant was deported to Guatemala.⁶

On December 14, 2020, Defendant was arrested in Houston in connection with the still-pending DUI case.⁷ He pled guilty, served a prison sentence, and was released.⁸ On April 28, 2021, Defendant was indicted in this case for illegal reentry based on his presence in Houston on December 14, 2020.⁹

Defendant argues that questions about his immigration status fall outside the routine-booking-questions exception to the Fifth Amendment and <u>Miranda v. Arizona</u>, 86 S. Ct. 1602 (1966).¹⁰ The court

---

³<u>Id.</u> at 2-3.

⁴<u>Id.</u> at 2.

⁵<u>Id.</u>

⁶Defendant's MTS, Docket Entry No. 36, p. 2; Government's Response to Defendant's Motion to Suppress Evidence, Docket Entry No. 40, p. 3.

⁷<u>Id.</u>

⁸Defendant's MTS, Docket Entry No. 36, p. 2.

⁹Indictment, Docket Entry No. 1, p. 1.

¹⁰Defendant's MTS, Docket Entry No. 36, p. 10.

rejected this argument in a similar case, United States v. Palacios, Case No. H-17-221-01, 2017 WL 2378924, *5 (S.D. Tex. May 31, 2017). The court held (1) that the routine-booking-questions exception applied to the defendant's immigration interview and (2) that binding Fifth Court precedent established that evidence of a defendant's identity was not suppressible. Id. at *5. The setting (Harris County Jail), questions (citizenship and immigration status), and form (I-213) are the same in this case. Id. at *1. If anything, the Palacios questioning was more extensive, asking about a previous deportation. Id. For the reasons explained in Palacios, Defendant's questioning falls within the routine-booking exception.

The Fifth Circuit has since addressed the same argument in a somewhat similar case, United States v. Arellano-Banuelos, 912 F.3d 862, 864 (5th Cir. 2019). In Arellano-Banuelos, the Fifth Circuit held that a civil immigration interview of an incarcerated person is sometimes an "interrogation" that requires Miranda warnings. See id. at 868. In holding that the defendant's questioning amounted to interrogation, the court emphasized that the officer reviewed the defendant's immigration file before the interview, that he knew that the defendant had been previously removed from the United States, that he was aware of the offense of illegal reentry, that he was aware that someone he interviewed could later be referred for prosecution, that he began the interview by stating that he knew the defendant had been previously deported, and that he then elicited

confessions to each legal element of illegal reentry. Id. at 867. Defendant's interview does not resemble the one in Arellano-Banuelos. Defendant was interviewed the same day he was arrested, Defendant had not been previously deported, there is no indication that the immigration officer considered referring Defendant for criminal immigration offenses, and Defendant was in fact deported without prosecution.

Under the routine-booking-questions exception, the questioning of Defendant was not an interrogation. No Miranda warning was required. In addition, the Fifth Circuit has held that a defendant's immigration file is not suppressible. See United States v. Roque-Villanueva, 175 F.3d 345, 346 (5th Cir. 1999). Defendant's Motion to Suppress (Docket Entry No. 36) is **DENIED.**

**SIGNED** at Houston, Texas, on this 21st day of December, 2023.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE